IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF: | Chapter 13 |
| Kathy Melinda Lanier, | Case No.  15-22140-jrs |
| Debtor. | |

| | |
|---|---|
| Kathy Melinda Lanier, | |
| Plaintiff, | Adv. Proc. No. _____ |
| vs. | |
| Bass & Associates, P.C. , | |
| Defendant. | |

**COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING**

**INTRODUCTION**

This is an action for damages and equitable relief based upon the Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-399, *et seq.* These claims arise as a result of Defendant's overt and intentional conduct.

## JURISDICTION AND VENUE

1. This is a core proceeding as defined by 28 U.S.C. § 157, and this is a matter arising in a case under Title 11.

2. This Court has proper matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

3. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction of the state law claims is conferred by 28 U.S.C. § 1367. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff is a debtor in the underlying Chapter 13 pending in this Court, case number 15-22140-jrs.

5. The Defendant is a professional corporation organized under the laws of the State of Arizona.

6. Defendant has entered the Plaintiff's Chapter 13 alleging that it is the agent for collection for a third-party, United Consumer Financial Services.

## FACTUAL ALLEGATIONS

7. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. The Defendant markets itself as "a nationwide, …bankruptcy and collections law firm. Headquartered in Tucson, AZ, we offer comprehensive, fully coordinated debt

recovery services to clients in credit-granting industries" See, http://www.bass-associates.com/nb2.html. Last visited November 16, 2016..

9. The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(5) and (6).

10. On October 16, 2015, Plaintiff's Chapter 13 proceeding was commenced by the filing of a voluntary petition with the Clerk of this Court.

11. On November 17, 2015, Defendant filed an unsecured proof of claim, Claim Number 4 (the POC), alleging that it was the authorized agent for the original creditor.

12. The Plaintiff scheduled, as an unsecured debt, an account owing to Defendant in the amount of $1,000.00 (Doc. 1, pg 18).

13. The debt referenced in enumerations 11 and 12 is a "consumer debt" as defined by 15 U.S.C. § 1692a(3) and (5).

14. The original debt giving rise to the POC is based upon simple contract in the form of an installment sales contract.

15. Defendant's POC at enumeration 1 states that the total claim is $885.11.

16. Enumeration 1 of the POC instructs the filer to "check" a particular box if the claim includes "interest or other charges in addition to the principal amount of the claim."

17. Defendant left the box described above blank or "un-checked".

18. Attachments to the Defendant's POC reveal that the claim as filed includes both

unearned finance charges and additional fees. See, POC 2, page 5.

19. Defendant's POC contains false and objectively misleading information.

## DAMAGES

20. As a result of Defendant's actions, Plaintiff has suffered actual damages, including consumption of resources in the form of time to confer with counsel; his attorney time and resources in challenging an unlawful claim; and potential harm through intended payment of an inaccurate clam.

## FIRST CLAIM FOR RELIEF -- OBJECTION TO CLAIM

21. Plaintiff repeats and realleges paragraphs 1-19 as though more fully set forth herein.

22. The Debtor objects to Defendant's proof of claim on the grounds that it includes improper charges in the form of interest on an unsecured claim per the supporting documentation filed by the Defendant and is therefore objectionable under 11 U.S.C. § 502(b)(1) and should be disallowed.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## 15 U.S.C. § 1692, *et seq*.

23. Plaintiff repeats and realleges the preceding paragraphs 1-20 as though more fully set forth herein.

24. Defendant's filing of its POC was an attempt to collect a consumer debt.

25. The Defendant has made numerous false, deceptive and misleading statements in its attempt to collect a consumer debt in violation of 15 U.S.C. §§ 1692e and 1692f.

26. The acts and omissions by Defendant constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. 1692f(1).

27. The Plaintiff has suffered actual damages as a result of Defendant's conduct as described herein.

28. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICE ACT
## O.C.G.A. § 10-1-399, *et seq.*

29. Plaintiff incorporates by reference paragraphs 1-20 and 24-28 as though fully stated herein.

30. The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) which implements the FDCPA.

31. Defendant willfully engaged in unfair and deceptive practices to collect a consumer debt.

32. O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the preceding subsection.

33. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.G.C.A. § 10-1-399 (b).

34. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages as described herein pursuant to O.G.C.A. § 10-1-399(a).

35. Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

36. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

A.   That Proof of Claim Number 4 be disallowed;

B.   That the Court award actual damages in an amount to be shown at trial, statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k; and

C.   That the Court award actual and exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

D.   That the Court award reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k and O.G.C.A. § 10-1-399(d); and

E.   That the Plaintiff have such other and further relief as the Court may deem just and proper.

This the 16th day of November, 2016.

Respectfully submitted,

*/s/ Matthew T. Berry*_____
Matthew T. Berry, GA Bar No.: 055663
Attorney for Plaintiff/Debtor
2751 Buford Highway, NE
Suite 600
Atlanta, GA 30324
Tel. (404) 235-3334
Fax (404) 235-3333
Email:  matt@mattberry.com

## Matrix Address

Patti Bass, CEO
Bass & Associates, P.C.
3936 E. Ft Lowell Rd., Suite 200
Tucson, AZ 85712

Nancy J. Whaley
United States Trustee
303 Peachtree Center Avenue, Suite 120
Atlanta, Georgia 30303